**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DARBY TAVENNER, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:CV-08-1089 |
| | : | |
| v. | : | |
| | : | (Chief Judge Kane) |
| DETECTIVE ANDREW A. | : | |
| SHAFFER et al., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

Before the Court are Rule 12(b)(6) Motions to Dismiss filed by Defendants Andrew A. Shaffer ("Shaffer") (Doc. No. 36); Walter R. Groom ("Groom") (Doc. No. 10); County of York ("York County"), Office of District Attorney–York ("York District Attorney's Office"), District Attorney H. Stanley Rebert ("District Attorney Rebert"), and Assistant District Attorney Thomas J. Reilly ("Assistant District Attorney Reilly") (collectively the "York" Defendants) (Doc No. 18). The Court will consider these three motions together in this Memorandum Opinion. For the reasons that follow, the motions will be granted.

**I.    BACKGROUND**

On November 06, 2007, Plaintiff Darby Tavenner ("Tavenner") filed a *pro se* complaint[1]

---

[1] The complaint in this case was filed on a *pro se* form. The relevant portion of the form is reproduced below:

> III. What federal law do you claim was violated? 'PA Rules of Crim Proc. Rule 507, 4th and 14th Amendment of the United States Constitution..'
>
> IV. (State here as briefly as possible the <u>facts</u> of your case. . . .)
>
> C. Persons involved-name each person and tell what that person did to you: '(1) Andrew A. Shaffer Det. - Officer's request for a search warrant was outside range of professional competence expected of a police officer. (2) Walter R. Groom - Magistrate never made

in the District Court for the Western District of Pennsylvania alleging violation of his rights under the Fourth and Fourteenth Amendments to the Constitution and seemingly seeking damages under 42 U.S.C. § 1983.  (Doc. No. 3.)  On January 10, 2008, Groom filed his motion to dismiss.  (Doc. Nos. 10, 11.)  On January 18, 2008, the court issued an order requiring Tavenner's response in opposition to Groom's motion to dismiss by February 8, 2008.  (Doc. No. 12.)  Subsequently, on January 28, 2008, a second motion to dismiss and a motion for change of venue was filed by the York County Defendants.  (Doc. No. 18.)  The Plaintiff then filed a motion seeking an extension of time to respond to the pending motions to dismiss (Doc. No. 20), which the court granted on January 29, 2008, allowing the Plaintiff until April 8, 2008 to file a response to both pending motions.  Despite the extension, Tavenner neither filed a response nor sought another extension of time.  On March 3, 2008, a third motion to dismiss and a second motion for change of venue was filed by Shaffer.  (Doc. No. 29.)  By court order, Tavenner was given until March 24, 2008 to respond (Doc. No. 31), and again failed to comply.  Considering them ripe, the Western District ruled on the motions to change venue and held that venue was proper in this Court (Doc. No. 33), and the case was subsequently transferred  (Doc. No. 34).  With the change in venue granted in the Western District, this Court requested that Defendant Shaffer re-file his motion to dismiss, which he did on July 24, 2008.  (Doc. No. 36.)

---

judicial determination, albeit a non-technical common sense judgment, as to whether probable cause existed.  (3)  The District Attorney and Assistant District Attorney H. Stanley Rebert and ADA Thomas J. Reilly, for not approving the warrant like the law requires, and violating my right to due process by proceeding to prosecute the charges with illegally obtained evidence with incomplete search warrant.  (4)  The County of York and the office of District Attorney [sic].

(Doc. No. 3 at 3.)

Pursuant to Local Rule 7.6,[2] the brief in opposition to Shaffer's newly filed motion to dismiss was due by August 11, 2008. On August 15, 2008, noting that no brief in opposition to Shaffer's motion to dismiss had been filed by Tavenner, the Court ordered that Tavenner show cause no later than September 2, 2008, why Shaffer's motion should not be granted as unopposed. (Doc. No. 38.) The Plaintiff again failed to respond to the Court's order.

## II. STANDARD OF REVIEW

The movants have brought these motions to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

The Supreme Court's recent opinion in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), has altered the standard of review for a motion to dismiss pursuant to Rule 12(b)(6). Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). In construing the Rule 12(b)(6) standard generally, the Court required the plaintiff to provide more than a formulaic recitation of a claim's elements that amounted to mere labels and conclusions. Twombly, 127 S. Ct. at 1964-65. Additionally, the Court held that the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. The Third Circuit has held that this language in *Twombly* applies generally to all motions brought under Rule 12(b)(6). Phillips, 515, F.3d at 232. Despite *Twombly*, it is still true that "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether,

---

[2] Pursuant to local and federal rules, the Plaintiff had eighteen days after service of Defendants brief—that is, from July 24 to August 11, 2008—within which to file a brief in opposition. See M.D. Pa. L.R. 7.6 ("Any party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after service of the movant's brief . . . ."); Fed. R. Civ. P. 6(d) (adding three days after the filing period would otherwise expire when service is made by electronic means).

under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Id. (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Additionally, although the factual allegations still must be enough to raise a right to relief above the speculative level, a *pro se* complaint should be liberally construed no matter how inartfully pleaded. Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004).

## III. DISCUSSION

As discussed above, the Defendant has ignored orders from both this Court and the District Court of the Western District of Pennsylvania requiring his response to the pending motions. Since Tavenner has failed to respond to these motions, the Court deems them ripe for disposition. Further, Shaffer's motion to dismiss will be deemed unopposed.

Even when a motion to dismiss is deemed unopposed, a court is typically required to evaluate whether the complaint failed to state a claim upon which relief can be granted as required by Rule 12(b)(6). See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991). The Third Circuit in *Stackhouse* explicitly cautioned that its holding was not broad, however, stating:

> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to a dismissal without a merits analysis. There may be some cases where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.

Id.

The Groom and York Defendants' Motions to Dismiss were filed in the Western District, with different local rules and procedures than this Court. So, even though the Plaintiff ignored

several scheduling orders issued by the Western District, he did not have a specific direction to comply with the Local Rules of this Court.  The Court notes, however, that this is not a case where Tavenner has failed to meet a deadline and then filed a late brief in opposition.  To date, Tavenner has still never submitted any materials in opposition to the three motions to dismiss, the first of which was filed on January 10, 2008.  (Doc. No. 10.)  In fact, Tavenner has not filed anything in this matter since January 2008.  It is clear that he is aware of the deadlines imposed by the court and the methods available to extend them, as evidenced by his motion for an extension of time.  (Doc. No. 20)  As such, it is entirely possible that Tavenner no longer intends to prosecute this case or oppose these motions.  Out of an abundance of caution, however, the Court will undertake a merits analysis of the motions to dismiss filed by Groom and the York Defendants.  (Doc. Nos. 10, 18.)

Shaffer's motion to dismiss (Doc. No. 36) does not require a full merits analysis, however.  The Court requested that Shaffer re-file his motion here.  When Tavenner failed to submit a timely brief in opposition to the motion (a second failure after Tavenner also did not oppose Shaffer's original motion filed in the Western District), the Court issued an order citing Local Rule 7.6 and allowing Tavenner eighteen additional days to show cause why the motion should not be granted as unopposed.  (Doc. No. 37.)  The order specifically warned that "[i]f the Plaintiff fails to comply with this order, the Court may deem the motion unopposed, pursuant to Local Rule 7.6."  (Id.)  Tavenner did not respond to the Court's order, and so the Court may properly dismiss the motion as unopposed.

### A. York Motion to Dismiss

The York Defendants argue that Tavenner has not alleged that any official policy of York

County has caused the alleged constitutional violation and that the county itself cannot be held vicariously liable for the acts of its employees. (Doc. No. 19 at 2.)  They also argue that the York District Attorney's Office is not a proper party in this suit because it is not a separate entity for purposes of §1983 liability. (<u>Id.</u>)  Finally, they argue that District Attorney Rebert and Assistant District Attorney Reilly are entitled to absolute immunity under these circumstances. (<u>Id.</u> at 3.)

      **1. York County**

The complaint names York County as a Defendant, but does not include any allegations with regard to the county. (Doc. No. 3 at 3.)  The Court assumes that Tavenner must be asserting the claim based on vicariously liability for the misconduct of Defendants Shaffer, Rebert, and Reilly.  The Supreme Court has held that a municipality or local government entity cannot be held liable solely because it employs a tortfeasor, but may be liable only if the alleged unconstitutional action executes or implements policy or a decision officially adopted or promulgated by those whose acts may fairly be said to represent official policy.  <u>Reitz v. County of Bucks</u>, 125 F.3d 139, 144 (3d Cir. 1997) (citing <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658, 691 (1978)).  Here, there are no allegations detailing a policy or custom of York County that would indicate it is a moving force behind the alleged constitutional violation.

The Supreme Court has held that certain officials can speak with "final policymaking authority" in the area of law enforcement. <u>McMillian v. Monroe County, Ala.</u>, 520 U.S. 781 (1997).  While it is not clear, it may be that Tavenner intends to claim that the District Attorney is a final policy making official for York County and so his decisions could satisfy the

requirements of *Monell* for vicarious municipal liability. But, this Court has decided that a District Attorney in Pennsylvania acts as a representative for the commonwealth when making prosecutorial as opposed to administrative decisions. Williams v. Fedor, 69 F. Supp. 2d 649, 660 (M.D. Pa. 1999). As the discussion below will show, the alleged actions of District Attorney Rebert are completely prosecutorial, so they do not represent policy of York County such that the county can be held vicariously liable under § 1983. Accordingly, all claims again York County will be dismissed.

### 2. York District Attorney's Office

The Third Circuit has held that while it is possible to sue a county or municipality under §1983 under the standards established by the Supreme Court in *Monell*, a district attorney office is not a separate legal entity for purposes of § 1983 liability. Reitz, 125 F.3d at 148. Accordingly, all claims against the York District Attorney's Office will be dismissed.

### 3. District Attorney Rebert and Assistant District Attorney Reilly

The complaint alleges that "[t]he District Attorney [Rebert] and Assistant District Attorney [Reilly] . . . for not approving the warrant like the law requires, and violating my right to due process by proceeding to prosecute the charges with illegally obtained evidence with incomplete [sic] search warrant." (Doc. No. 3.)

The Supreme Court acknowledged a tradition of absolute prosecutorial immunity existed at common law and that strong policy considerations justified extending this immunity to § 1983 suits. Imbler v. Pachtman, 424 U.S. 409, 420 (1976). The Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Id. at 431. This absolute immunity does not extend to the prosecutor's

administrative or investigative activities, however. Odd v. Malone, 538 F.3d 202, 209 (3d Cir. 2008) (citing Burns v. Reed, 500 U.S. 478, 495-96 (1991)).

Here, it is clear that the complaint's allegations that District Attorney Rebert and Assistant District Attorney Reilly violated Tavenner's due process rights by proceeding to prosecute the charges with illegally obtained evidence is barred by the prosecutors' absolute immunity because it deals with conduct as an advocate before a court.

On the other hand, it does not seem that absolute immunity would apply to the allegation that District Attorney Rebert and Assistant District Attorney Reilly "did not approve the warrant like the law requires." It is not clear from the complaint whether this allegation implicates conduct that occurred during the preliminary investigation or after the DA had already decided to press charges against Tavenner. Accordingly, at this stage of the case, as to this allegation, it is not appropriate to afford District Attorney Rebert and Assistant District Attorney Reilly absolute immunity. Yarris v. County of Delaware, 465 F.3d 129, 138 (3d Cir. 2006).

Even where prosecutors are not entitled to absolute immunity, they may nonetheless be entitled to qualified immunity for the same claims. Yarris, 465 F.3d at 139 (citing Imbler, at 430-431)). Qualified immunity "shields state officials from suit when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id. at 140 (citing Harlow, 457 U.S. at 818). The court must engage in a a two step inquiry to determine whether qualified immunity applies. Id. The first step is to examine the facts alleged to determine whether the conduct violated a constitutional or statutory right. Id. at 141. If the conduct has violated a constitutional or statutory right, the second inquiry is to determine whether that right was clearly established at the time the violation occurred. Id.

Here, the complaint is not clear whether District Attorney Rebert or Assistant District Attorney Reilly violated a federal or state right by not approving the warrant "as the law requires." As set out in the complaint, one claim is based on a violation of Rule 507[3] of the Pennsylvania Rules of Criminal Procedure, which permits the District Attorney of any county to require police officers to get prior approval of any criminal complaints or arrest warrants filed in that county. (Doc. No. 3 at 3.) So, the allegation implicates the state rule rather than a federal right. Because this allegation does not set out a violation of a federal constitutional or statutory right, it is not appropriately considered under § 1983. To the extent that Tavenner did intend to allege that this conduct was a violation of his constitutional as opposed to state rights, it is clear that District Attorney Rebert and Assistant District Attorney Reilly would be protected by qualified immunity to this claim because there is no clear federal right to have the District Attorney approve search warrants.

As to the claim based on state law, federal courts may exercise pendent jurisdiction over state-law claims when "state and federal claims . . . derive from a common nucleus of operative fact." United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). The United States Supreme Court has long counseled that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." Id. at 726. As a matter of comity, needless decisions of state law should be avoided. Id. "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." Id. Because Plaintiff's federal § 1983 claims are to be dismissed, the Court declines to exercise pendent jurisdiction

---

[3] Rule 507 includes in relevant part: "[t]he district attorney of any county may require that criminal complaints, arrest warrant affidavits, or both filed in the county by police officers, as defined in these rules, have the approval of an attorney for the Commonwealth prior to filing." Pa. R. Crim. P. 507

over Plaintiff's state law claim. Accordingly, all claims against District Attorney Rebert and Assistant District Attorney Reilly will be dismissed.

### B. **Groom Motion to Dismiss**

Groom is a magisterial district judge who presided over the criminal case which resulted in the Plaintiff's conviction and incarceration. Groom argues that "judicial and qualified immunity bar Plaintiff's damages claim." (Doc. No. 11 at 1.) He also argues that Tavenner's claim is barred by application of the principles of Heck v. Humphrey, 512, U.S. 477 (1994), which would deny consideration of this claim until Tavenner's conviction has been overturned or invalidated. (Id.)

The Supreme Court has made clear that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts." Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Stimp v. Sparkman, 435 U.S. 349, 355-56 (1978)). Judicial immunity provides immunity from suit, not just the assessment of damages. Mireles v. Waco, 502 U.S. 9, 11 (1991). This immunity is only overcome in two situations. For one, a judge is not immune from liability for nonjudicial actions. Id. at 11-12 (citing Forrester v. White, 484 U.S. 219, 227-29 (1988)). Secondly, "a judge is also not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. To determine whether an action is judicial, a court must examine "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Id. at 12 (quoting Stump, 435 U.S. at 362). Accordingly, a judicial act will be immune even if the action was in error or in excess of the judge's authority. Id. at 12-13.

Here, the allegations in the complaint against Groom deal solely with immune judicial conduct. Groom's probable cause determination is clearly an act that is judicial in nature. Even taking the allegation as true, there would be no basis to remove immunity simply because Groom's decision was in error. There are also no allegations that would suggest that Groom's action was taken despite a complete absence of all jurisdiction. Accordingly, all claims against Groom will be dismissed. Because the Court finds that Groom is entitled to absolute immunity for his conduct, there is no need to consider whether *Heck* would bar Tavenner's claim against Groom.

### C. Leave to Amend

In civil rights cases, district courts must generally *sua sponte* extend plaintiffs an opportunity to amend the complaint before dismissing a complaint. Fletcher-Harlee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007). A district court can refuse to permit a curative amendment on grounds of bad faith, undue delay, prejudice, or futility, however. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

Here, the Court will not *sua sponte* extend Tavenner leave to amend. For one, the Plaintiff's repeated failure to respond to the orders of this Court and the Western District constitutes bad faith and undue delay in pursuing his claim. Further, any leave to amend would be futile. Defendants Groom, District Attorney Rebert, and Assistant District Attorney Reilly are entitled to absolute immunity for their actions, so any leave to amend the allegations as to these parties would be futile. Stankowski v. Farley, 487 F. Supp. 2d 543, 570 (M.D. Pa. 2007). A local government entity also has complete immunity from claims based on misconduct of county employees, so any attempt to amend the complaint to assert vicarious liability against

York County based on the actions of other Defendants will also be futile. See <u>Dull v. West Manchester Tp. Police Dept.</u>, No. 1:07-CV-0307, 2008 WL 717836 at *11 (M.D. Pa. 2008). Because the Court has found that a district attorney's office is not an appropriate entity for purposes of § 1983 claim, any leave to amend the allegations against the York District Attorney's Office is futile. Finally, because the Court has determined that Tavenner does not oppose Shaffer's motion to dismiss, no leave to amend the allegations against him will be granted. Accordingly, the claims against the Defendants will be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the motions to dismiss of Defendants Andrew A. Shaffer (Doc. No. 36), Walter R. Groom (Doc. No. 10), and County of York, York Office of the District Attorney, District Attorney H. Stanley Rebert, Assistant District Attorney Thomas J. Reilly (Doc No. 18). An order consistent with this Memorandum Opinion will follow.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DARBY TAVENNER,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 1:CV-08-1089** |
| : | |
| v. : | |
| : | **(Chief Judge Kane)** |
| **DETECTIVE ANDREW A.** : | |
| **SHAFFER et al.** : | |
| : | |
| **Defendants** : | |

**ORDER**

    **AND NOW**, this 6th day of November, 2008, upon consideration of the motions to dismiss of Defendants Andrew A. Shaffer (Doc. No. 36); Walter R. Groom (Doc. No. 10); County of York, York Office of the District Attorney, District Attorney H. Stanley Rebert, and Assistant District Attorney Thomas J. Reilly (Doc No. 18), filed in the above-captioned matter, and for the reasons set forth in this Court's Memorandum Opinion filed herewith, **IT IS HEREBY ORDERED** that said motions are **GRANTED**. All claims based on the Fourth and Fourteenth Amendment of the Constitution brought under 42 U.S.C. § 1983 are **DISMISSED**.

    **IT IS FURTHER ORDERED** that any claim based on Rule 507 of the Pennsylvania Rules of Civil Procedure is **DISMISSED**.

    The Court finds that leave to amend the complaint as to any claims based on the Fourth and Fourteenth Amendment of the Constitution brought under 42 U.S.C. § 1983 against Defendants Walter R. Groom, County of York, Office of the District Attorney - York, District Attorney H. Stanley Rebert, Detective Andrew A. Shaffer, and Assistant District Attorney Thomas J. Reilly are futile. **ACCORDINGLY, IT IS FURTHER ORDERED** that the

complaint is **DISMISSED**.  The clerk of Court is directed to close the case

       s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania